**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MARIO WEICKS,<br><br>    Defendant. | Case No. 2:05-CR-00040-KJD-RJJ<br>2:13-CV-00539-KJD-RJJ<br><br>**ORDER** |

Before the Court is Defendant Mario Weicks' Motion to Vacate under 28 U.S.C. § 2255 (#182). Plaintiff United States of America filed a response (#194). Also before the Court is Defendant's Motion for Leave to Proceed in Forma Pauperis (#181).[1]

I. Background

A jury found Defendant guilty of two counts of transporting a minor with intent that she engage in prostitution, two counts of traveling in interstate commerce for the purpose of engaging in sex with a minor, one count of possessing a firearm as a convicted felon, and one count of possessing a firearm in furtherance of a crime of violence (#64). Defendant appealed his judgment, sentence, and conviction (#125). The Ninth Circuit confirmed his conviction, but remanded the case for resentencing (#148). The Court resentenced Defendant (#166). Defendant appealed his amended judgment and sentence (#170). The Ninth Circuit affirmed this Court's judgment and sentence (#177). Defendant then filed the present motions (#181/182).

---

[1] Because there is no required fee when filing a motion under 28 U.S.C. § 2255, Defendant's Motion for Leave to Proceed in Forma Pauperis is denied as moot. See 28 U.S.C. § 2255 advisory committee's note to r. 3.

## II. Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may file a motion asking the district court to vacate, set aside, or correct his sentence. The district court may deny a § 2255 motion without an evidentiary hearing if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. U.S. v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989).

## III. Analysis

Defendant's motion can be organized into three categories: (1) Defendant's arguments addressed by the Ninth Circuit in his direct appeal, (2) Defendant's claims that he failed to raise on direct appeal, and (3) Defendant's ineffective assistance of counsel claims.

### A. Defendant's Direct Appeal

Defendant's motion contains several arguments that were raised in his direct appeal. In that appeal, the Ninth Circuit addressed: (1) whether the firearm in Defendant's trunk was used in furtherance of a crime of violence,[2] (2) whether Defendant's violation of 18 U.S.C. § 2423(a) was a crime of violence,[3] (3) whether Defendant's interstate travel was sufficiently connected to his criminal actions,[4] and (4) whether the arresting officers had probable cause to arrest Defendant.[5] An argument raised on direct appeal may not be the basis of a § 2255 motion. See

///

---

[2] "Weicks' statement that he intended to use the gun to protect the victim itself provides a sufficient basis for the jury to have found that Weicks possessed the gun with a purpose to 'promote or facilitate the underlying crime' of having the victim to prostitute herself for his benefit." United States v. Weicks, 362 F. App'x 844, 849 (9th Cir. 2010) (unpublished).

[3] "We have held that 18 U.S.C. § 2423(a), which makes it a crime to transport a minor across state lines with the intent that she engage in prostitution, creates a substantial risk that violence may be used to perpetrate the crime." Weicks, 362 F. App'x at 848.

[4] "Weicks also argues that the government had not proven that there was a sufficient nexus between interstate travel and the criminal sex act. Our review of the record reveals that Weicks' arguments lack merit." Id. at 849.

[5] "After examining the record in this case, we conclude that there was probable cause for Weicks' arrest based on the corroborated information provided by the victim and Weicks' inconsistent and contradictory statements and behavior." Id. at 850.

United States v. Redd, 759 F.2d 699, 700-01 (9th Cir. 1985). The Court accordingly declines to address these issues in the present order.

### B. Defendant's Procedural Default

Defendant asserts several arguments that he failed to raise on appeal. Because Defendant has procedurally defaulted on these claims, they may only be raised if he can demonstrate either cause and actual prejudice, or that he is actually innocent. See Bousley v. United States, 523 U.S. 614, 622 (1998).

Defendant brings a number of "actual innocence claims" in his motion.[6] "Actual innocence" means factual innocence, not mere legal insufficiencies. Bousley, 523 U.S. at 622. Thus, for these claims to be credible, Defendant must support his allegations "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 329 (1995). Defendant, however, does not present any new evidence in his motion; at best, he asserts legal insufficiencies. Defendant consequently fails to demonstrate that he is actually innocent.

Defendant's "actual innocence claims" and remaining procedurally defaulted claims[7] also fail to demonstrate cause and actual prejudice. Although Defendant makes several statements[8] that may be construed as an attempt to show prejudice, these statements are merely conclusory and do not satisfy Defendant's burden. See Nigro v. Sullivan, 40 F.3d 990, 997 (9th Cir. 1994).

///

---

[6] Defendant's "actual innocence claims" are: (1) the Court gave defective jury instructions, (2) 18 U.S.C. § 2423(b) is not a crime of violence, (3) the Court violated Defendant's confrontation clause rights, (4) the Court was partial to Plaintiff in its decision to limit Defendant's cross-examination of a witness, (5) the Court gave a coercive jury instruction, (6) the Court failed to remind the jury to be impartial, and (7) Plaintiff engaged in prosecutorial misconduct and improper vouching.

[7] Defendant's other procedurally defaulted claims are: (1) the Court did not respond to Defendant's objections to the Magistrate Judge's report and recommendation, and (2) Plaintiff failed to produce Defendant's marijuana and its accompanying package during trial.

[8] See e.g. #182, p. 55. "Had the jury been properly instructed no jury could have found the defendant guilty of this crime."

C. Defendant's Ineffective Assistance of Counsel Claims

Defendant contends that trial counsel provided ineffective assistance of counsel on many occasions. To establish ineffective assistance of counsel, a defendant must demonstrate both deficient performance of counsel and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is shown when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Prejudice is established when the defendant demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Id. at 694. If a defendant fails to show his defense was prejudiced by counsel's alleged errors, there is no need for a court to evaluate counsel's performance. See Id. at 697.

Surmounting Strickland's high bar is never an easy task. Harrington v. Richter, 562 U.S. 86, 105 (2011). "Even under de novo review, the standard for judging counsel's representation is a most deferential one" because, unlike a later reviewing court, "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." Id.

The present claims are unique because trial counsel passed away a week before Defendant filed his § 2255 motion. Although trial counsel's testimony would have been helpful in addressing Defendant's claims, the Court may still give them the necessary consideration and processing by referring to the record and using common sense. See Shah v. U.S., 878 F.2d 1156, 1159 (9th Cir. 1989).

Because Defendant's claims contradict the record, Defendant's credibility must be assessed. Where the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record, no evidentiary hearing is required. Id.

Defendant displays dishonesty throughout the record. Prior to his trial, Defendant falsely asserted that prison officials prevented him from seeing trial counsel (#74, p. 11). Defendant also misrepresented the amount of time he had to prepare for trial. Id. at 15. At trial, Defendant

1  willfully committed perjury; he denied having sex with his victim, being an ex-felon, and visiting
2  Las Vegas on more than one occasion for the purpose of prostitution (#174, pp. 19-20). At his
3  resentencing, Defendant lied by stating that he financially supported his children throughout their
4  childhood. Id. at 56. Defendant has frequently proven that he is manipulative and dishonest;
5  consequently, his uncorroborated assertions carry very little weight with the Court.

### 1. Defendant's Jury Selection

Defendant argues that trial counsel provided ineffective assistance when she failed to object to the Court's "new method of [jury] selection" (#182, p. 35). Defendant's argument does not have merit. There is no indication in the voir dire transcript (#133) that the Court was executing a "new method of [jury] selection." Defendant also provides no supporting evidence for this claim. Defendant thus fails to demonstrate deficient performance.

Defendant asserts that trial counsel failed to raise a Batson claim when Nicole Long, the only prospective black juror, was not selected to the jury. The voir dire transcript (#133) does not reveal Nicole Long's race, nor does it indicate why she was not selected to the jury. Furthermore, Defendant does not show the Court how a Batson claim would have been anything but frivolous. Trial counsel consequently was not ineffective for failing to raise this claim. See James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994) ("failure to make a futile motion does not constitute ineffective assistance of counsel").

### 2. Defendant's Continuances

Defendant condemns trial counsel for failing to file continuances at various points in the proceedings. First, Defendant contends that trial counsel "should have requested a continuance in response to await the outcome of the filed objections to the [magistrate judge's] report and recommendation" (#182, p. 36). Defendant argues that, had she done so, "[e]vidence could have been suppressed as a result of objections made." Id. This assertion is mere speculation, which is insufficient to establish prejudice. See Gonzalez v. Knowles, 515 F.3d 1006, 1015-16 (9th Cir. 2008). Furthermore, though the Court cannot find a ruling on or withdrawal of Defendant's

1  motion in the record, the Court would have denied Defendant's objection to the magistrate
2  judge's report and recommendation. A continuance would not have changed the Court's ruling.
3  Defendant thus fails to show that trial counsel was ineffective by not filing this continuance.
4        Second, Defendant asserts that trial counsel "was ineffective for failing to request a
5  continuance to properly challenge the use of Detective Stanton [Plaintiff's expert witness]"
6  (#182, p. 38). Defendant maintains that "[t]here's nothing in Detective Stanton Background [sic]
7  that would qualify him as an expert." Id. at 37. Defendant is wrong. Detective Stanton was called
8  to give expert testimony about child prostitution. See #51. The record clearly demonstrates that
9  Detective Stanton was qualified to give that testimony: he had a bachelor's degree, finished
10 police academy training, received approximately 300 hours of training about prostitution, led
11 about 200 investigations of child prostitution (during which he interviewed each alleged child
12 prostitute), and participated in nearly 300 additional child prostitution cases. See #75, pp. 7-10.
13 The Court accordingly rejects this patently incredible claim.[9]
14       Third, Defendant complains that trial counsel should have requested additional time to
15 respond to Plaintiff's notice that it planned to use Defendant's criminal history to impeach him.
16 The Ninth Circuit, however, upheld this Court's decision to admit Defendant's criminal history.
17 See Weicks, 362 Fed.Appx. at 849-50. Defendant consequently cannot demonstrate prejudice.
18       Finally, Defendant asserts that trial counsel "should have requested a continuence [sic] to
19 properly challenge the prosecutor motion 'to exclude the public from witness testimony'" (#182,
20 p. 39). Defendant argues that "[t]here is nothing in the record or any evidence what so ever to
21 validate accusations of witness intimidation." Id. This is a blatant lie. When the Court granted
22 Plaintiff's motion to exclude, it unequivocally found—in Defendant's presence—that individuals
23 related to the case had already engaged in witness intimidation. See #73, pp. 6-7 (noting that the

---

[9] Defendant additionally suggests that Detective Stanton was not qualified to testify as an expert merely because he lacked an advanced degree. This argument is meritless. See U.S. v. Smith, 520 F.3d 1097, 1105 (9th Cir. 2008) ("No specific credentials or qualifications are mentioned [by Federal Rule of Evidence 702]."); see also U.S. v. Brooks, 610 F.3d 1186, 1195-96 (9th Cir. 2010) (stating that an expert's training and experience qualified her as an expert even though she lacked an advanced degree).

victim's mother and residence had been contacted numerous times). A continuance would not have shown otherwise. If anything, it would have allowed those individuals to engage in additional acts of witness intimidation. The Court accordingly rejects this frivolous argument.

### 3. Trial Counsel's Understanding of the Underlying Law

Defendant repeatedly asserts that trial counsel "was under the impression that all counts required knowledge of age" and was "confused and unaware of facts needed for a conviction" (#182, p. 16). Defendant's argument is specious. According to the record, trial counsel raised Defendant's belief about his victim's age because she believed that (1) it was a defense to some of the charges brought against him[10] and (2) it served as impeachment evidence against the victim.[11] Defendant's trial counsel was not mistaken in these beliefs. See #134, p. 15 ("It is a defense to the charges in Counts Two and Four of the indictment that the defendant reasonably believed that the person with whom he intended to engage in illicit sexual conduct had attained the age of 16 years."). The Court accordingly rejects Defendant's argument.[12]

### 4. Defendant's Communication with Trial Counsel

Defendant argues that trial counsel "failed to CONVEY [sic] plea offer in its entirety, denying the Defendant a chance to consider the deal with detailed information regarding the plea offer" (#182, p. 15). Defendant's assertion is not credible. At every stage of these proceedings, Defendant has refused to accept responsibility for his actions. Defendant has also lied to the Court on several occasions in an effort to avoid accountability. In contrast, the Court has not had

///

---

[10] "[T]hey have charged that my client had sex with an underage person, which means that if she had told him that she was 19 at the time that he was having sex with her that would be a defense" (#73, p. 89).

[11] "What we do have is a young girl who testified that she has only told Mr. Weicks that she's 19 years old . . . . I think the young lady has a truth-telling problem" (#134, p. 42).

[12] Defendant also argues that trial counsel's co-counsel was confused as to what constituted a crime of violence (#182, p. 18). Defendant asserts that "but for counsel [sic] deficient performance, there is a 'reasonable' probability that the Defendant would have accepted the guilty plea." Id. This uncorroborated assertion, when viewed in light of Defendant's dishonesty, fails to demonstrate prejudice.

7

1    an issue with trial counsel's representation of Defendant. See #74 p. 10. Thus, Defendant's
2    unsupported assertion, without more, fails to demonstrate prejudice.

            5. Defendant's Remaining Claims against Trial Counsel

            Defendant argues that trial counsel was ineffective because she failed to subpoena his
victim and several police officers. Defendant insists that "[a]ll of the mentioned testimony was
very vital, all played a major role in what led to the illegal exploratory search of the vehicle and
the illegal arrest of the Defendant" (#182, p. 25). The Court already rejected this argument in a
previous status conference. See #74, pp. 10-11. As discussed in that status conference, trial
counsel made a conscious decision, founded on experience and information, not to subpoena
those individuals. See Id. A tactical decision by counsel with which the defendant disagrees
cannot form the basis of an ineffective assistance claim. Guam v. Santos, 741 F.2d 1167, 1169
(9th Cir.1984). Trial counsel accordingly did not provide ineffective assistance in making this
decision.

            Defendant asserts that trial counsel was ineffective in litigating his motion to suppress.
Defendant then engages in a lengthy rhetoric insisting that the marijuana obtained during a
search of his car was not in plain view. Defendant's questionable statements are contrary to the
evidence received at his evidentiary hearing. See #30 pp. 61-62, 78, 89, 115-116 (stating that the
marijuana in Defendant's car was viewable through his open car door). Furthermore, Defendant
does not give the Court any reason to credit his assertions. The Court accordingly rejects this
claim.[13]

            Defendant complains that trial counsel should have challenged the inventory search of his
vehicle. This challenge, however, would have been meritless. When Defendant was initially
confronted by the police, he lied about his identity for over an hour. See #30, pp. 56-59, 62-63.

---

[13] Defendant also contends that trial counsel "was ineffective for failing to request the marijuana evidence at trial" because the packaging made it impossible to determine its contents "unless the package was opened" (#182, p. 26). This assertion also contradicts the credible evidence presented at Defendant's evidentiary hearing. See #30 p. 61 (stating that the marijuana was in a plastic bag). Thus, this claim fails to demonstrate deficient performance or prejudice.

1  In fact, the police were unable to identify Defendant until he was taken to jail. Id. at 114. The
2  police consequently impounded his vehicle in accordance with their policies and performed an
3  inventory search. See Las Vegas Metropolitan Police Department Manual Section 5/204.06
4  (permitting the impounding of vehicles when ownership and rightful possession by the driver is
5  in doubt). Once a vehicle has been legally impounded, the police may conduct an inventory
6  search as long as it conforms to the standard procedures of the local police department. U.S. v.
7  Cervantes, 703 F.3d 1135, 1141 (9th Cir. 2012). Trial counsel consequently did not provide
8  ineffective assistance for failing to make this challenge. See James, 24 F.3d at 27.

9  Defendant argues that, if his objection (#54) to the Magistrate Judge's recommendation
10  was filed incorrectly, trial counsel provided him ineffective assistance. There is no indication in
11  the record that Defendant's objection was filed incorrectly. The Court accordingly rejects
12  Defendant's frivolous claim.

13        6. Defendant's Claim against His Appellate Attorney

14  Defendant asserts "the Defendant's appeallant [sic] attorney was ineffective for failing to
15  challenge inadaquate [sic] Jury Instruction to counts 2 and 3 (2423(b))" (#182, p. 53). There are
16  many reasons why Defendant's appellant attorney would decline to raise an argument on direct
17  appeal. See e.g. Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989) ("In many instances,
18  appellate counsel will fail to raise an issue because she foresees little or no likelihood of success
19  on that issue; indeed, the weeding out of weaker issues is widely recognized as one of the
20  hallmarks of effective appellate advocacy."). Defendant's unsubstantiated assertion fails to
21  demonstrate prejudice or deficient performance. The Court, without more, will not second-guess
22  an appellate attorney's tactical decisions.

23        IV. Conclusion

24  Accordingly, it is **HEREBY ORDERED** that Defendant's Motion for Leave to Proceed
25  in Forma Pauperis (#181) is **DENIED** as moot;
26  ///

**IT IS FURTHER ORDERED** that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (#182) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant is **DENIED** a certificate of appealability.

DATED this   11th   day of June 2015.

_____
Kent J. Dawson
United States District Judge