UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:05-cr-00040-KJD-RJJ |
| Plaintiff, | ORDER |
| v. | |
| MARIO WEICKS, | |
| Defendant. | |

Presently before the Court is Defendant's first Motion to Modify Sentence under 18 U.S.C. § 3582 (#248) and Defendant's second Motion for Compassionate Release (#264). The Government responded in opposition to both. (#251, #265). Defendant replied to both motions. (#255, #266).

I.  Factual and Procedural History

In 2004, Mario Weicks ("Weicks") brought a fifteen-year-old girl from Sacramento, California, to Las Vegas, Nevada to work as a prostitute for him. He was convicted at trial of two counts of transportation of a minor with intent to engage in a criminal sexual activity in violation of 18 U.S.C. § 2423(a); two counts of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b); one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).

The Court initially sentenced Weicks to 360 months imprisonment. After vacatur of Weicks § 924(c) conviction in light of United States v. Davis, 139 S. Ct. 2319 (2019), the Court resentenced him in 2020 to a total of 270 months imprisonment.

Weicks now seeks compassionate release. He asserts that the "threat of Covid, combined with the lack of protective measures being taken by the prison, justify release under the statute,"

and claims that he "cannot adequately care for his own health in the context of a prison environment during COVID." The government opposes granting compassionate release.

II.     Analysis

**A.  Legal Standard**

The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

The defendant must first exhaust all administrative remedies. A defendant must ask the Bureau of Prisons ("BOP") to bring a motion for compassionate release on the defendant's behalf before filing such a motion with the Court, by submitting a request to the warden. See 18 U.S.C. § 3582(c)(1)(A). 30 days must elapse from filing a request with the warden before the defendant can motion the court. Id. Once the defendant has satisfied all available administrative remedies, the analysis is twofold. First, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" to release a defendant from BOP custody in a policy statement. Id.

The Sentencing Commission policy statement explains that "extraordinary and compelling

reasons" exist where, among other things, "[t]he defendant is suffering from a serious physical or mental condition or suffering from a serious functional or cognitive impairment… that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13. The Ninth Circuit declared this policy statement is not binding on district courts but noted that it may inform a district court's discretion when considering § 3582(c)(1)(A) motions. See United States v. Aruda, 993 F.3d 797 (9th Cir. 2021).

### B. Mario Weick's Compassionate Release

Weick's contends that he has satisfied the administrative exhaustion requirement because he submitted a request to the warden six weeks prior to filing his first motion for compassionate release, which was on May 13, 2021, and has not received a response. (#248, at 3). Regarding his second motion for compassionate release, Weicks asserts that he submitted a request to the warden on October 21, 2021 and again on November 19, 2021. (#264, at 3). Weicks has not received a response from the warden. Id. Therefore, the Court finds Weicks has satisfied the administrative exhaustion requirement.

Next, the Court must consider § 3553(a) factors which include the nature and circumstances of the offense, the need for the sentence imposed, the kinds of sentences available and sentencing ranges established in the guidelines, pertinent policy statements, the need to avoid unwarranted sentence disparities, and the need to provide restitution. 18 U.S.C. § 3553(a). Weicks committed a serious crime to top off his substantial criminal history. Weicks exploited a minor by taking her across state lines to engage in prostitution, while also sexually abusing the child himself. The severe nature of this crime does not weigh in favor of compassionate release. The Court found that the sentence was justified when it was imposed and Weicks has not presented any evidence convincing the Court that these factors favor an early release. Further, Weicks was already resentenced according to a change in law, and without any other changes in the sentencing regime, he is not entitled to a reduced sentence in this instance. The Court finds that the § 3553(a) factors do not support granting this motion.

Finally, the Court must consider whether extraordinary and compelling reasons exist that justify compassionate release. In his first motion, Weicks argues that the COVID-19 pandemic presents a dire circumstance that prevents him from adequately caring for his own health while in prison. (#248, at 6). He claims that FCI Sheridan, where he is imprisoned, does not have the resources available to meet the health needs of all the inmates, and that the conditions under COVID-19 are so harsh that he must be released.

The Government responded, arguing that Weicks cannot show extraordinary and compelling reasons because he initially refused the vaccine and because the BOP has been taking aggressive steps to mitigate the risk of COVID-19 within the prisons. (#251, at 4). After the Government's response, Weicks' filed a supplement to his original motion stating that he received the vaccine, so the Government's argument should be considered moot. (#262). However, he argued that since his vaccination, the new COVID-19 variants posed an additional risk that should be considered. Id.

In Weick's second motion for compassionate release, he argues that he is 90% finished with his sentence, that he will have strong family support, that prison conditions under COVID-19 have been too harsh, and that justice has been served because he has accepted responsibility for his actions and has been rehabilitated. (#264).

The Government again responded arguing that although the vaccine may not be 100% effective at preventing infection, it remains a safe and successful way to lessen the risk of contracting the virus and of experiencing severe complications that can occur without the vaccine. (#265). The Government also asserted that the BOP's efforts aimed at reducing COVID-19 risks were effective, because at the time of filing, FCI Sheridan had no prisoners who were currently testing positive for the virus. Id.

The Court recognizes how serious COVID-19 can be and has been. The virus' effect has left a mark on each corner of society. However, the Court does not find that it constitutes an extraordinary and compelling reason warranting early release in this instance. Weicks has not presented any specific evidence that COVID-19 poses a particular threat to him. He has not made any claims, or provided any medical records, that would indicate he faces an increased risk of

- 4 -

severe illness if he were to contract the virus. Weicks has also been vaccinated and therefore has taken all the necessary steps available to best protect himself against serious illness. Many courts have found that even prisoners who have chronic medical conditions but who have been vaccinated do not meet the extraordinary and compelling reasons standard that justify compassionate release. See United States v. Kariblghossian, No. 2:13-cr-00318-CAS-1, 2021 WL 1200181, at *2 (C.D. Cal. Mar. 29, 2021) (finding that even suffering from type 2 diabetes, obesity, hypertension, retinopathy, hepatitis C, OCD, and anxiety were not enough to justify compassionate release because the defendant was vaccinated.); see United States v. Grummer, 519 F.Supp.3d 760, 763 (S.D. Cal. 2021) ("[a]lthough Defendant suffers from several chronic conditions, his vaccination significantly mitigates the risk that he will contract COVID-19."). Even in light of the new variants such as Omicron, the Center for Disease Control ("CDC") states that the data indicates that "Omicron causes less severe illness and death in general[.]" *Variants of the Virus*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/index.html?s_cid=11775:%2Bcovid%20%2Bomicron:sem.b:p:RG:GM:gen:PTN:FY22, (Aug. 11, 2021). Presently, Yamhill County, Oregon community level is stated as "low" by the CDC. *COVID-19 County Check*, CDC, https://www.cdc.gov/coronavirus/2019-nCoV/index.html (Oct. 27, 2022).

Finally, Weicks can seek legal redress for his allegations that the BOP is failing to provide adequate conditions for prisoners by properly grieving these conditions with his institution and filing an appropriate legal action.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motions for Compassionate Release (#248, #264) are **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal (#263) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's Motion for Expedited Ruling (#268) is **DENIED as moot**.

Dated this 7th day of November 2022.

_____
Kent J. Dawson
United States District Judge