UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Respondent/Plaintiff,<br><br> v.<br><br>MARIO WEICKS,<br><br>     Movant/Defendant. | Case No. 2:05-cr-00040-KJD-RJJ<br>No. 2:22-cv-01439-KJD<br><br>**Order** |

Presently before the Court is Movant's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#269). The Government did not file a response. For the reasons stated below, Movant's motion is denied.

I. Factual and Procedural Background

In 2004, Mario Weicks ("Weicks" or "Defendant") brought a fifteen-year-old girl from Sacramento, California, to Las Vegas, Nevada to work as a prostitute for him. He was convicted at trial of two counts of transportation of a minor with intent to engage in a criminal sexual activity, in violation of 18 U.S.C. § 2423(a); two counts of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b); one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (#64).

Weicks was sentenced to 360 months' imprisonment, and he appealed the judgment and sentence. (#124/125). The Ninth Circuit confirmed his conviction but remanded the case for resentencing. (#148). The Court resentenced Defendant, and Weicks received a sentence of 330 months' imprisonment. (#166/169). Defendant appealed his amended judgment and sentence, and the Ninth Circuit affirmed this Court's judgment and sentence. (#170/177).

Subsequently, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255 (#182), which the Court denied on June 11, 2015. (#199). Defendant appealed (#199), and in light of United States v. Davis, 139 S. Ct. 2319 (2019), the Ninth Circuit vacated Weicks's § 924(c) conviction, remanding the case for further proceedings concerning that claim. (#210). The

Court resentenced Defendant, and Weicks received an amended sentence of 270 months' imprisonment (#237). Defendant appealed (#232), and the Ninth Circuit affirmed this Court's judgment and sentence. (#256).

On September 2, 2022, Weicks filed his second motion to vacate pursuant to 28 U.S.C. § 2255, asserting two claims of ineffective assistance of counsel. (#269). Specifically, Weicks argues that he received ineffective assistance of counsel when his counsel (1) failed to ask the Ninth Circuit to "hold his appeal in abeyance pending the results of U.S. v. Merrell" and (2) failed to raise a Rehaif claim on direct appeal. Id. at 2.

II.     Legal Standard

To establish ineffective assistance of counsel, a defendant must show both deficient performance of counsel and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689.  A tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance claim. Id.; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984).

To show prejudice, a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. The Supreme Court recently re-emphasized the burdens a defendant must overcome to establish ineffective assistance of counsel:

> Surmounting Strickland's high bar is never an easy task. An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence. The question is

> whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.

Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotations and citations omitted).

In order to establish a meritorious claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. Williams v. Calderon, 52 F.3d 1465, 1469 (9th Cir. 1995). There is no need to evaluate counsel's performance if the petitioner fails to show his defense was prejudiced by counsel's alleged errors. Strickland, 466 U.S. at 697.

III.     Analysis

Since Defendant previously filed a motion under § 2255, the Court must first determine whether it has jurisdiction to address his second § 2255 motion.

**A. Second Petition Under § 2255**

"A [defendant] is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). Under § 2255(h), "[a] second or successive motion" must be authorized by the appropriate court of appeals. 28 U.S.C. § 2255(h). Without authorization from the court of appeals, the district court has no jurisdiction to hear the motion. Burton v. Stewart, 549 U.S. 147, 152-53 (2007). "However, not all second-in-time motions qualify under § 2255 as 'second or successive' motions that must satisfy the criteria of § 2255(h)." United States v. Buenrostro, 895 F.3d 1160, 1165 (9th Cir. 2018) (citing Magwood v. Patterson, 561 U.S. 320, 332 (2010)). If there is a new judgement intervening between the two habeas petitions, then the latter of two petitions is not "second or successive." Wentzell v. Neven, 674 F.3d 1124, 1127 (9th Cir. 2012). In a criminal case, the sentence is the judgment. Burton, 549 U.S. at 156.

As stated above, Defendant previously filed a motion to vacate his sentence under 28 U.S.C. § 2255 (#182), and after appealing this Court's denial of relief, he was resentenced. (#237). Therefore, the Court finds that an intervening judgment, namely his 2020 resentencing, exists between his first and second petition. See Gonzalez v. Sherman, 873 F.3d 763, 769 (9th Cir. 2017) ("[A] change to a defendant's sentence is a change to his judgment."). Consequently, the

1  Court has jurisdiction to hear this motion. See 28 U.S.C. § 2255.

2      **B.  Ineffective Assistance of Counsel**

3      First, Defendant argues that James Hoffman, his counsel for the third direct appeal, "was
4  ineffective for not requesting the court of appeals to hold his appeal in abeyance pending the
5  results [sic] U.S. v. Merrell[.]" (#269, at 2). Here, Weicks has failed to demonstrate that
6  Hoffman's choice to not request a stay of his appeal constitutes both deficient performance and
7  prejudice. See id.; Williams, 52 F.3d at 1469.

8      In United States v. Merrell, the defendants sought clarification on whether their resentencing
9  for § 924(c) violations would be governed by the original version of § 924(c)(1) or the version
10 amended by the First Step Act. 37 F.4th 571, 573 (9th Cir. 2022). Here, since Weicks's § 924(c)
11 conviction and sentence were completely vacated, the holding in Merrell would have no had
12 impact on his appeal. (See #231). Therefore, Hoffman's decision to not request a stay in
13 Weicks's appeal did not constitute deficient performance or prejudice.

14     Second, Defendant argues that Mark Eibert, his counsel for his habeas appeal and subsequent
15 resentencing, was ineffective for not raising a Rehaif claim on appeal and asserts that he was
16 "under the impression that he was not a convicted felon." (#269, at 2). To establish prejudice,
17 Weicks must demonstrate that there is a reasonable probability that, had it not been for Eibert's
18 alleged error, the result of the appeal would have been different. However, given that it is
19 undisputed that Weicks is a convicted felon, he has failed to demonstrate that the outcome of the
20 appeal would have been different.

21     In 2005, Weicks was charged with unlawful possession of a firearm by a previously
22 convicted felon, in violation of 18 U.S.C. §§ 922(g) and § 924(a)(2). (#1, at 2). At the time of
23 Weicks's trial, in prosecutions under 18 U.S.C. § 922(g), the government was not required to
24 prove that Weicks knew he was, in fact, a felon. However, in Rehaif v. United States, 588 U.S.
25 225, 237 (2019), the Supreme Court clarified the mens rea requirement for firearms-possession
26 offenses under § 922(g), holding that the government must prove not only that the defendant
27 knew he possessed a firearm but also that he knew he was a felon when he possessed the firearm.
28     There is no doubt that Weicks's indictment and jury instructions omitted Rehaif's newly

established knowledge-of-status element. However, the Supreme Court recently held that "[i]n felon-in-possession cases, a Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." Greer v. United States, 141 S. Ct. 2090, 2093 (2021). Therefore, to prevail on a Rehaif claim, Eibert would have needed to argue on appeal that Weicks could have presented evidence at his 2007 trial demonstrating his lack of knowledge regarding his felon status. Considering Defendant's criminal record and trial testimony, the Court deems it highly improbable that Eibert would have been able to meet this substantial burden.

    Weicks has a lengthy criminal history, dating back to 1992 at age 17. (PSR, at 11-18). Included in this lengthy criminal history are a 1994 felony conviction for distributing a controlled substance and a 1996 felony conviction for third-degree assault on a police officer. Id. at 11, 16. Weicks's assertion that he did not know he was a felon is demonstrably false. First, while Weicks's motion asserts that he did not know he was a felon, his prior felony convictions are substantial evidence that he did, in fact, know he was a felon. See Greer, 593 U.S. at 504. In short, "[f]elony status is simply not the kind of thing that one forgets." Id. at 508 (quoting United States v. Gary, 963 F.3d 420, 423 (4th Cir. 2020). Second, Weicks acknowledged that he was a felon during his direct examination. The following is an excerpt from his trial:

> ATTORNEY: You also have been convicted of a felony; correct?
> 
> WEICKS: Yes
> 
> ATTORNEY: Is that correct?
> 
> WEICKS: (Nods Head.)

(#T-D2, at 125-126)[1]. Lastly, as stated above, to prevail on a Rehaif claim, Eibert would have needed to argue on appeal that Weicks could have presented evidence at his 2007 trial

---

[1] Due to the age of the initial trial, a copy of the trial transcript had to be requested from the Federal Records Center of the National Archives and is therefore not available on the docket. For citation clarity, "T-D2" refers to the transcript from the second day of trial.

demonstrating his lack of knowledge regarding his felon status. See Greer, 141 S. Ct. at 2093. Yet, Weicks's motion fails to point to any such evidence. Instead, all he argues is that he "was under the impression that he was not a convicted felon." (#269, at 2). Without more, this singular argument fails to meet the standard of "sufficient argument or representation" as required by Greer. See Greer, 141 S. Ct. at 2100 ("In felon-in-possession cases, a Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon.").

Here, Eibert's decision to not raise a Rehaif claim is clearly logical when faced with the overwhelming evidence that Weicks knew he was a felon, despite his assertion that he did not know. Thus, the Court finds that Eibert's decision not to pursue a Rehaif claim did not result in prejudice to Weicks, and therefore, does not amount to ineffective assistance of counsel.

IV.     Certificate of Appealability

Finally, the Court must deny a certificate of appealability. To proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United States v. Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (quoting Slack, 529 U.S. at 484). To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id. Weicks has not met his burden in demonstrating that the actions of James Hoffman or Mark Eibert amount to ineffective assistance of counsel.

//

//

V.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#269) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Respondent and against Movant in the corresponding civil action, 2:22-cv-01439-KJD, and close that case.

**IT IS FURTHER ORDERED** that Movant is **DENIED** a Certificate of Appealability.

Dated this 28th day of June 2024.

_____
Kent J. Dawson
United States District Judge